UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| IRINA PRUTEANU, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 4:18-cv-01640-AGF |
| TEAM SELECT HOME CARE OF MISSOURI, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Irina Pruteanu's motion to remand. ECF No. 15. For the reasons set forth below, the Court will deny Plaintiff's motion.

## BACKGROUND

Plaintiff filed this employment discrimination action in the Circuit Court of St. Louis County, Missouri, on July 30, 2018, against Defendant Team Select Home Care of Missouri, Inc. ("Team Select"), alternatively known as Defendant Algonquin Nurses Home Health Care I, LLC ("Algonquin"). In her complaint, Plaintiff asserts claims under the Missouri Human Rights Act and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, alleging that she was discriminated against on the basis of her sex and pregnancy. She also asserts claims of outrageous conduct and negligent infliction of emotional distress under Missouri law.

On August 30, 2018, Algonquin was served with process. The next day, August 31, 2018, Team Select was served with process and, on September 27, 2018, it filed a

notice of removal, asserting that this Court has subject matter jurisdiction by virtue of the federal questions raised in the complaint. 28 U.S.C. § 1331. Algonquin filed its consent to removal on October 1, 2018. ECF No. 14.

On October 2, 2018, Plaintiff filed her motion to remand, arguing that Team Select's notice of removal made no reference to the consent of Algonquin, thus rendering Algonquin's later-filed consent to removal ineffective. ECF No. 15. In response, Team Select argues that its notice of removal and Algonquin's consent were filed within the 30-day removal window, and thus removal was proper. It further argues that the federal rules do not require a removing party to expressly state in its notice of removal that any co-defendants consented to the action as long as the co-defendants could otherwise manifest their consent. It also maintains, in the alternative, that Algonquin's consent is not necessary because it is not a proper party to the lawsuit. ECF No. 21.

## **DISCUSSION**

The removal statute permits a notice of removal to be filed within 30 days after receipt of the pleading and has been interpreted to require that all defendants must consent to the removal. *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008). "Where there are multiple defendants, all must join in a [notice] to remove within thirty days of service." *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir.2002). "In this circuit, it is not necessary for all defendants to actually sign the notice of removal so long as there is 'some timely filed written indication from each served defendant . . . that the defendant has actually consented to the removal.'" *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012) (citing *Pritchett*, 512 F.3d

at 1062. The Eighth Circuit specifically stated that it was "disinclined to apply the unanimity requirement in a 'hypertechnical and unrealistic manner.'" *Id.* (internal citations omitted); *see Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015) (holding that a timely notice of removal followed by the filing of a notice of consent from the co-defendant was sufficient).

Here, Team Select timely filed its notice of removal, and Algonquin filed its consent to removal within the 30-day removal window. Plaintiff provides no authority for the proposition that Team Select's failure to include Algonquin's consent to removal in its removal papers rendered removal ineffective. Plaintiff's argument is particularly unpersuasive in light of Algonquin's timely-filed consent to removal. Therefore, the Court will deny Plaintiff's motion to remand.

## CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's motion to remand. Upon review of the file, the Court notes that Team Select filed a motion to dismiss on October 4, 2018. To date, Plaintiff has not filed any opposition, and the time to do so has passed. Therefore, the Court will direct Plaintiff to show cause why Team Select's motion to dismiss should not be granted.

Accordingly,

**IT IS HEREBY ORDERED** that that Plaintiff's motion to remand (ECF No. 15) is **DENIED**.

3

**IT IS FURTHER ORDERED** that, on or before **December 17, 2018**, Plaintiff will show cause why Team Select's motion to dismiss (ECF No. 19) should not be granted.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of December, 2018.