UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRINA PRUTEANU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:18-CV-01640-AGF |
| | ) |
| TEAM SELECT HOME CARE OF | ) |
| MISSOURI, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss for Failure to Prosecute.  Doc. No. 66.  Plaintiff opposes the motion.  For the reasons set forth below, the motion will be denied, without prejudice.

## **BACKGROUND**

Plaintiff initially filed this lawsuit in state court, asserting claims of discrimination on the basis of sex and pregnancy, violation Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.055, and outrageous conduct and negligent infliction of emotional distress under Missouri law.  Specifically, Plaintiff claims that she was employed as an office clerk with Defendants until she was terminated on August 16, 2017, for "excessive absenteeism due to her pregnancy."  Complaint ("Compl."), Doc. No. 5 at ¶ 14.  This Court dismissed all of Plaintiff's claims except her Title VII claim.  Defendants then moved to compel

arbitration under Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4.  Doc. Nos. 36 & 56.  On December 26, 2019, this Court granted Defendants' motions to compel arbitration and stay proceedings and ordered the case closed administratively pending a resolution of the arbitration.  Doc. No. 65.

On December 30, 2019, counsel for Defendants emailed counsel for Plaintiff to discuss arbitration and stated "[o]nce we have agreement on that issue, you will need to complete the proper paperwork to initiate the arbitration process."  Doc. No. 66-1 at 3. Plaintiff's counsel responded in part:

> "Adam…I believe that Alaris has always done a great job, and I think Hon. Glen Norton would be acceptable….however. I doubt that it is my responsibility to initiate, particularly since the arbitration 'agreement' requires your client o [sic] pay the costs….I still am pondering an appeal of the order to arbitrate, and I am not going to waive that argument by setting up an arbitration….I can assure that whatever the result in arbitration, an appeal will be initiated."

*Id*. at 2 (ellipses in original).  Defendants' counsel replied in part:

> "I do not really care who actually initiates the arbitration as long as you confirm your client wants to pursue the arbitration.  However, since you indicate in your email below that you may appeal of the Court's Order compelling arbitration, I will hold off on initiating the arbitration until I hear further from you."

*Id*.  Plaintiff's counsel and Defendants' counsel apparently did not communicate further, Plaintiff did not appeal this Court's order compelling arbitration,[1] and neither party

---

[1] This Court's Order compelling arbitration and staying proceedings pending arbitration is not an appealable, final order under the FAA.  *ON Equity Sales, Co. v. Pals,* 528 F.2d 564, 569 (8th Cir. 2008).  Although Plaintiff could have sought certification for an interlocutory appeal under 28 U.S.C. § 1292(b), she did not do so.  *See Lebanon Chem. Corp. v. United Farmers Plant Food, Inc.*, 179 F.3d 1095, 1102 (8th Cir. 1999).

initiated arbitration. On February 3, 2021, Defendants moved to dismiss this case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Doc. No. 66. Plaintiff responded the next day, arguing against dismissal. Doc. No. 67.

## **DISCUSSION**

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss a case based on a plaintiff's failure to prosecute or a plaintiff's failure to comply with a court order. "According to Rule 41(b), a district court may dismiss a case if 'the plaintiff fails to prosecute' or doesn't comply with the Federal Rules of Civil Procedure or a court order." *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (citing Fed. R. Civ. P. 41(b)). Even where dismissal for failure to prosecute or comply with a court order is appropriate, dismissal with prejudice is an "extreme sanction" that is appropriate only in cases of "willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) (quoting *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000)); *see also Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984) ("Dismissal with prejudice is an extreme sanction and should be used in cases of willful disobedience of a court order or continued persistent failure to prosecute a complaint.").

Defendants argue dismissal is appropriate here because Plaintiff failed to pursue arbitration or appeal this Court's order compelling arbitration for over a year. Defendants claim this case is similar to *Schoemehl v. Unwin*, No. 4:18-CV-00031-JAR, 2019 WL 2010216, at *2 (E.D. Mo. May 7, 2019). In *Schoemehl*, this Court dismissed a case for failure to prosecute where the plaintiff failed to initiate arbitration and did not respond to

3

a motion to dismiss or the Court's order to show cause. *Id*. Unlike *Schoemehl*, the Plaintiff in this case responded immediately to Defendants' motion to dismiss. Neither party pursued arbitration following the brief exchange between counsel in December of 2019. The "ultimate sanction" of dismissal with prejudice "should only be used when lesser sanctions prove futile." *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1222 (8th Cir. 1998). At this juncture, Defendants have not shown that lesser sanctions would be futile, so the ultimate sanction of dismissal with prejudice is not warranted here.

But that does not resolve the matter before this Court. This Court entered an order compelling arbitration and staying the case pending arbitration more than one year ago. In her response to the motion to dismiss for failure to prosecute, Plaintiff reasserts arguments already rejected by this Court in its Order compelling arbitration, and the Court will not further address those arguments. Plaintiff also asserts that dismissal is not proper because she opposes arbitration and claims that Defendants are obligated under the terms of the parties' contract to initiate the arbitration. The Court is not persuaded by Plaintiff's arguments.

Plaintiff cites to the language in paragraph 2 of the contract that says "Either party may commence the arbitration process called for in this agreement by filing a written demand for arbitration with the other party." Doc. No. 68, at 1. But that language addresses the arbitration *process*, not the arbitration proceeding itself. Defendants did commence the arbitration *process* by demanding in writing that Plaintiff arbitrate the dispute. Plaintiff refused to do so. To the extent the contract addresses who must initiate the arbitration proceeding, the next sentence of paragraph 2 suggests it would be Plaintiff.

4

It says, "The arbitration will be conducted in accordance with . . . the Employment Arbitration Rules of the dispute resolution center *chosen by the complaining party* in effect at the time of filing of the demand for arbitration."  Doc. No. 68-1, at 1, emphasis added.  Here Plaintiff is the complaining party.

Nor does responsibility to initiate the arbitration proceeding shift to Defendants by virtue of the fact that they assume responsibility, in paragraph 4 of the contract, "for the cost of the Arbitrator and the cost of the room."  As the contract makes clear, this is simply to assure that "the costs that would not normally be required had the dispute or claim been brought before a court of law shall be paid by Employer."  *Id.*  As set forth in Defendants' Reply, the forum referenced by Plaintiff, Alaris, specifically provides for assessing such costs in accordance with the parties' agreement.  Thus, it appears that Alaris would assess those costs to Defendants even if Plaintiff initiated the arbitration proceeding.  Moreover, Plaintiff was not required to initiate arbitration pursuant to the parties' agreement, the Court ordered her to engage in arbitration.[2]  Doc. No. 65.

It is indeed regrettable that the parties permitted the matter to reach this impasse.  However, the FAA does provide some guidance.  9 U.S.C. § 5 provides:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method,

---

[2] To the extent Plaintiff suggests that initiating the arbitration proceeding would somehow waive her right to ultimately appeal the arbitration order, Plaintiff cites no case law in support. In any event, any such concern appears to be unfounded. *See Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1122 (9th Cir. 2020) ("no appeal as of right exists from an order compelling arbitration until the arbitration has concluded.")

5

> or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire . . . then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

Having rejected Plaintiff's argument that Defendants are the parties obligated to initiate arbitration, the Court will give Plaintiff one further opportunity to pursue her claims. *See ATG Sports Indus., Inc. v. Allsynthetic Grp., Inc.*, No. 12-00187-CV-W-SOW, 2018 WL12204308, at *4 (W.D. Mo. Feb. 4, 2013) ("9 U.S.C. § 5 contemplates that the parties must follow the contractual procedure for arbitrator selection if such exists."). Plaintiff may select the arbitration forum and initiate the arbitration proceeding, or may make application under 9 U.S.C. § 5 for the Court to do so.[3] Should Plaintiff fail pursue either option, on further application of Defendants, Plaintiff's case may be dismissed for failure to prosecute. *See Griggs v. S.G.E. Management, L.L.C.*, 905 F.3d 835, 844-845 (5th Cir. 2018) (dismissing for failure to prosecute where plaintiff repeatedly failed to initiate arbitration because plaintiff disagreed with the court's conclusion that the matter must be arbitrated and asserted that plaintiff stood ready to litigate case to the court.)

Accordingly,

---

[3] Plaintiff's counsel stated in his December 30, 2019 email: "it may just be more economically feasible to enter into some discussions regarding the possible settlement of this case" than entering into arbitration. Doc. No. 66-1 at 2. The parties may seek additional time to comply with the deadlines herein if they jointly agree to pursue settlement discussions and pursue such discussions promptly.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **DENIED, without prejudice**.  ECF No. 66.

**IT IS FURTHER ORDERED** that Plaintiff shall have fourteen days to initiate arbitration proceedings at a forum of her choice, or make application under 9 U.S.C. § 5 for the Court to designate and appoint an arbitrator.  If Plaintiff fails to do so, Plaintiff may be subject to sanctions including dismissal for failure to prosecute.

                                                          _____
                                                          AUDREY G. FLEISSIG
                                                          UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February 2021.